UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| J. TYUS BEY, | ) | CASE NO. 1:14 CV 1129 |
| Petitioner, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| STATE OF OHIO, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondents | ) ) | |

On May 27, 2014, petitioner *pro se* J. Tyus Bey filed this *in forma pauperis* action against the State of Ohio, the Cleveland Municipal Court, Joseph J. Zone, Marco Tanudra, and Jose M. Reyes.  The document initiating this case, entitled "Writ of Quo Warranto with Proof of Claim and Allodial Fee Schedule," appears to challenge a pending traffic proceeding against Bey in the Cleveland Municipal Court, on the ground that he is not subject to that court's jurisdiction. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468,

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without  service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir.
(continued...)

470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the complaint liberally in a light most favorable to the petitioner, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Further, this court is required to abstain from hearing a challenge to the traffic charges against petitioner, as a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). When a person is the subject of an ongoing state case implicating important state matters, he or she cannot maintain a parallel federal action involving claims that could be raised in that case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir.1988).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is

---

(...continued)
　　1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


                                          */s/Dan Aaron Polster 6/2/14*
                                          DAN AARON POLSTER
                                          UNITED STATES DISTRICT JUDGE